## MEARS *v.* GARRETSON.

Where a party sues out a writ of error *coram nobis*, but does not give the notice as required by statute, the judgment may be affirmed.

Errors will not be favorably regarded which are based upon the negligence of the party assigning them.

Where a party filed a motion in the district court, to affirm, for want of notice, but before the motion was decided filed a demurrer, it will not be considered an appearance or waiver of notice.

*Error to Linn District Court.*

*Opinion by* KINNEY, J. In this case judgment was rendered in the district court of Linn county, against the plaintiff in error, upon which he sued out a writ of error *coram nobis*.

In the district court a motion was made to dismiss the writ and affirm the judgment, for the reason that no notice had been given to the adverse party of suing out the same. This motion was sustained by the court, and the judgment affirmed with ten per cent damages.

This decision of the district court is assigned for error.

The statute allowing the writ of error *coram nobis*, provides that the party suing out such a writ, shall cause notice in writing to be served upon the adverse party or his attorney, ten days before the next succeeding term of the court, and if ten days shall have elapsed from the time of serving such notice, and the first day of said term the court shall proceed to·try and determine said cause, whether the defendant appear or not. If ten days do not intervene the cause shall be continued &c. Laws of 1846, p. 51. § 3.

The question presented in this case, is one arising upon a construction of this statute. It is insisted by the attorney for the defendant in error, that the court by virtue of its power under the statute, (to adopt such rules as were necessary to govern proceedings of this kind) had a right under those rules to affirm the judgment when the notice required had not been given. The statute does not ap-

Mears *v.* Garretson.

pear to contemplate an entire absence of notice, and consequently there is not any provision made for a proceeding where notice has not been given, and we are led to inquire whether by legal intendment the court properly exercised a power which is not expressly conferred by statute. The legislature authorized the issuing of this writ for the purpose of correcting errors in fact, and defined the powers and duties of the court while sitting as a court upon its own alleged errors. The statute provides for the hearing and determining of the cause upon notice given, but we cannot think that it ever was the intention of the legislature that upon default of the party to give notice, the court would have less power to render judgment than if notice had been given. If this were the case, the party in default could take advantage of his own laches, and as the power to affirm would depend upon giving notice, a party wishing to avoid the collection of a judgment might sue out his writ, fail to give the notice, avoid the affirmance of the judgment and in this manner escape the collection of judgments in the district court. But it may be said that the writ would be' dismissed for the want of notice. This would not remedy the evil as the party being then restored to his original position could sue out a second writ of error, and as a penalty in damages could only follow an *affirmance* of the judgment, it is not improbable that a statute which is only remedial in its character might be made an engine of oppression. Although the statute does not expressly authorize the court to render judgment, in case notice has not been given, yet we are not disposed by a forced and unnatural adherence to the letter of the statute, to give it an effect so subversive of justice, and the rights of judgment creditors. It is a well settled practice to give remedial statutes a liberal construction, and we are not inclined to depart from that rule, particularly in cases where injustice would be the result of such departure.

Courts are not disposed to regard very favorably, errors which are based upon the negligence of the party assign-

ing them, whereby he seeks to reverse a judgment upon the ground that he was in default. In this case the party virtually says upon the motion to affirm for the want of notice, that if he had given the notice required of him by statute, the court would have had power to affirm the judgment, but as he failed to do that, the court cannot affirm, and the action of the court predicated upon the fact that the party did not give notice, is assigned in this court for error by the party in default. We think upon this assignment that the court did not err.

The second error alledged is, that the defendant in error filed a demurrer, and therefore there was an appearance; and he could not object to the proceeding for the want of notice. From the record it appears that the first step taken by the defendant below, was to file a motion to affirm; before that motion was disposed of he filed a demurrer. The object of filing the demurrer undoubtedly was to be prepared in the event of the motion being decided against him, and as that motion appears to have been the one relied upon, and as it was entitled to and received precedence, we cannot think his rights under the motion were waived or prejudiced by his filing a demurrer.

As we see no error in the ruling of the court, the judgment is therefore affirmed.

Judgment affirmed.

*N. W. Isbell* and *Wm. Smyth*, for plaintiff in error.

*I. M. Preston*, for defendant.

----o ⚫ •----